**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PAUL ARNOLD | : | |
| | : | |
| Appellant | : | No. 698 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 1, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0001281-2021

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                     **FILED:  June 28, 2024**

Appellant, Michael Paul Arnold, appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas, following his guilty plea to three counts of aggravated indecent assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 27, 2022, Appellant pled guilty to three counts of aggravated indecent assault—complainant less than 13 years old.  At the plea hearing, Appellant agreed that between October 1, 2019 and June 30, 2020, while he lived in the same house as the minor victims, Appellant penetrated the anus or genitals of three of the minor victims with one of his body parts.  Following the plea hearing, the court accepted Appellant's plea as knowing, intelligent,

_____

[1] 18 Pa.C.S.A. § 3125(a)(7).

and voluntary.

On May 1, 2023, the trial court conducted a hearing to determine if Appellant met the criteria required to be designated as a sexually violent predator ("SVP"). At the hearing, William Allenbaugh testified that he is a psychologist that has served on the Sexual Offenders Assessment Board ("SOAB") since 1996. Mr. Allenbaugh assessed Appellant and opined that Appellant met the criteria to be designated as an SVP. Mr. Allenbaugh noted that Appellant pled guilty to sexually assaulting three minor victims, who were eleven, nine and seven years old at the time of the assault. Additionally, the assault persisted over a period of seven months. Mr. Allenbaugh also considered the nature of the assaults, which included penetration of the first female victim's vagina with his penis and penetration of her anus with his finger, touching the male victim's penis, and touching a second female victim's breasts. Based on the nature of the sexual assaults, the age of the victims, and the duration of the sexual assaults, Mr. Allenbaugh concluded that Appellant met the diagnostic criteria for pedophilic disorder, which is considered a mental abnormality for purposes of an SVP designation.

Mr. Allenbaugh further opined that Appellant engaged in predatory behavior towards the minor victims. He noted that Appellant lived in the same house as the minor victims and had access to them because his brother was in a relationship with the victims' mother. Additionally, one of the minor children is autistic and has a learning disability, which makes the child more

vulnerable to sexual assault. Mr. Allenbaugh opined that Appellant used his role in the family as a means to gain access to the victims and violated that trust by sexually assaulting them.

Regarding the risk of re-offending, Mr. Allenbaugh testified that pedophilic disorder is a lifetime disorder and therefore, the risk and probability of re-offense is high. He further noted that Appellant had eleven prior arrests, six convictions, and one probation violation, which generally indicated an inability to learn from the past. On cross-examination, Mr. Allenbaugh acknowledged that other than one conviction in 2020, Appellant's remaining convictions occurred over 20 years ago. He further acknowledged that none of Appellant's prior convictions were for sexual offenses. Nevertheless, Mr. Allenbaugh testified that this did not alter his opinion that Appellant met the criteria for SVP designation because Appellant's actions demonstrated that he had pedophilic disorder.

At the conclusion of the evidence, the court designated Appellant as an SVP. The court sentenced Appellant for his crimes to an aggregate of 4½ to 9 years' incarceration. On May 9, 2023, Appellant filed a timely post-sentence motion, which the court denied on June 12, 2023. On June 15, 2023, Appellant filed a timely notice of appeal and a voluntary Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

Appellant raises the following issue for our review:

> The trial court erred in denying Appellant's post-sentence motion for reconsideration in regards to the court's finding

that Appellant is a [SVP] (as defined at 42 Pa. C.S. § 9792).

(Appellant's Brief at 5).

Appellant argues that the Commonwealth failed to present clear and convincing evidence to support a finding that Appellant should be classified as an SVP because Mr. Allenbaugh's testimony was inadequate to establish that Appellant suffered from a mental abnormality. Appellant asserts that the court could not rely on Mr. Allenbaugh's testimony that Appellant met the criteria of pedophilic disorder because Mr. Allenbaugh acknowledged that he did not review any of Appellant's mental health records. Additionally, Appellant claims that it had been over 20 years since Appellant had any major criminal convictions and none of his prior convictions involved sexual offenses. As such, Appellant contends that the Commonwealth failed to establish that Appellant has a history of mental health issues or a history of committing sexual offenses to demonstrate that he has a predatory nature or is likely to reoffend. Appellant concludes that the trial court erred in designating him as an SVP, and this Court should grant relief. We disagree.

Challenges to the sufficiency of the evidence supporting a trial court's SVP designation are governed by the following principles:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing

evidence that each element of the statute has been satisfied.

***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa.Super. 2015), *appeal denied*, 633 Pa. 763, 125 A.3d 1199 (2015) (quoting ***Commonwealth v. Baker***, 24 A.3d 1006, 1033 (Pa.Super. 2011)). "SVP" is defined as:

A person who has been convicted of a sexually violent offense … and who is determined to be a [SVP] … due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition … that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Predatory conduct is defined as an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element."

***Commonwealth v. Leatherby***, 116 A.3d 73, 84-85 (Pa.Super. 2015) (quoting ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038-39 (Pa.Super. 2013)).

SOAB evaluators must consider the following factors when performing SVP assessments:

(1)     Facts of the current offense, including:

(i)     Whether the offense involved multiple victims.

(ii)     Whether the individual exceeded the means necessary to achieve the offense.

(iii)     The nature of the sexual contact with the victim.

(iv)     Relationship of the individual to the victim.

(v)     Age of the victim.

(vi)     Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii)     The mental capacity of the victim.

(2)     Prior offense history, including:

(i)     The individual's prior criminal record.

(ii)     Whether the individual completed any prior sentences.

(iii)     Whether the individual participated in available programs for sexual offenders.

(3)     Characteristics of the individual, including:

(i)     Age of the individual.

(ii)     Use of illegal drugs by the individual.

(iii)     A mental illness, mental disability or mental abnormality.

(iv)     Behavioral characteristics that contribute to the individual's conduct.

(4)     Factors that are supported in sexual offender

assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.58(b).

Instantly, Appellant pled guilty to three counts of aggravated indecent assault, which is a sexually violent offense. *See* 42 Pa.C.S.A. §§ 9799.12, 9799.14. In his report, Mr. Allenbaugh, a SOAB member, addressed all factors set forth in Section 9799.58(b). (*See* SVP Assessment, dated 12/2/22 at 3-5). Regarding Appellant's mental abnormality, Mr. Allenbaugh opined that Appellant's actions met the diagnostic criteria for pedophilic disorder. Although Mr. Allenbaugh acknowledged that he did not review Appellant's mental health records, he explained that this did not undermine his confidence in his assessment. (*See* N.T. SVP Hearing/Sentencing, 5/1/23, at 15-16). Mr. Allenbaugh explained that Appellant's actions in sexually assaulting three prepubescent children as a 43-year-old man clearly indicated that Appellant has intense sexual desires and behaviors towards children. (*Id.*) He further found significant that these assaults happened on multiple occasions over a span of seven months. (*Id.*) Based on Appellant's behavior towards the three minor children in this case, Mr. Allenbaugh felt confident in his assessment that Appellant suffers from pedophilic disorder. When further questioned by the court, Mr. Allenbaugh testified that in his mind, Appellant's assessment was not a close case but rather, it was "clear cut" that Appellant's behavior represented a mental abnormality. (*Id.* at 18).

Regarding Appellant's criminal history, Mr. Allenbaugh clarified that he

did not base his determination that there is a high risk of reoffending in Appellant's case solely on Appellant's criminal history. (*Id.* at 16-17). Although he noted that Appellant's criminal history indicates an inability to learn from his mistakes, the main consideration for this factor was Mr. Allenbaugh's conclusion that Appellant has a sexually deviant interest in children. Mr. Allenbaugh noted that pedophilic disorder is a lifelong condition, and the risk of re-offense is high. (*Id.* at 13). Additionally, Mr. Allenbaugh opined that Appellant exhibited predatory behaviors. Specifically, he noted that Appellant used his position in the family to gain trust and access to the children. Appellant further used this relationship to facilitate the sexual victimization of the children.

Based on his assessment, Mr. Allenbaugh concluded that Appellant met all the criteria for an SVP designation. The court credited Mr. Allenbaugh's testimony to conclude that Appellant suffers from a mental abnormality that makes him likely to re-offend.[2] *See Leatherby, supra*. Viewing this

_____

[2] Appellant cites to *Commonwealth v. Merolla*, 909 A.2d 337 (Pa.Super. 2006) to support his claim that Mr. Allenbaugh's testimony was insufficient to establish that Appellant met the SVP designation criteria. While there are factual similarities between Appellant's actions in this case and the defendant's actions in *Merolla*, there are key distinctions here. The defendant in *Merolla* presented expert testimony to oppose the testimony presented by the Commonwealth's expert in that case. Additionally, the trial court in *Merolla* specifically found that the Commonwealth's expert's testimony was **not** convincing and as such, the Commonwealth failed to meet its burden to establish that the defendant should be classified as an SVP. Here, Mr. Allenbaugh's testimony was unopposed, and the court found him to be
*(Footnote Continued Next Page)*

evidence in the light most favorable to the Commonwealth, the trial court correctly determined that the Commonwealth presented clear and convincing evidence to support Appellant's classification as an SVP. *See Hollingshead, supra*. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/28/2024

---

credible. As such, **Merolla** is distinguishable from the instant matter and does not entitle Appellant to relief.